UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD KARAYAN, TRUSTEE OF THE KARAYAN FAMILY TRUST,<br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>SUSAN MARDIAN, LEONARD MARDIAN and DOES I through X, inclusive,<br>　　　　　　　Defendants. | Case No. 2:13-cv-00472-APG-PAL<br><br>**ORDER SETTING ASIDE DEFAULT AND DEFAULT JUDGMENT**<br><br>(Dkt. #28) |

　　　　Defendants Susan and Leonard Mardian guaranteed a large loan which was used to purchase farmland in Arizona. The lender subsequently assigned a portion of its interest—about $800,000 worth—to plaintiff Edward Karayan, as trustee of the Karayan Family Trust. On March 20, 2013, Karayan brought this lawsuit against the Mardians to collect on the trust's interest in the loan. Karayan unsuccessfully tried to serve the Mardians with the summons and complaint.[1] In August, Magistrate Judge Leen allowed Karayan to serve the Mardians by publication.

　　　　The Mardians still did not appear in this matter. So in November 2013, the clerk entered default against them.[2] In May, 2014, I granted default judgment in favor of Karayan, in the amount of $1,570,335.60.[3]

---

[1] Karayan's affidavits of attempted service indicate that the process server attempted to serve the Mardians on multiple occasions. (*See* Dkt. ##13, 14.)

[2] (Dkt. #23.)

[3] This figure includes Karayan's original fractional interest in the loan plus appropriate interest. (Dkt. #27).

The Mardians now seek to set aside the default and default judgment. I find they have provided good cause to do so: (1) there is no apparent prejudice to Karayan because there is no evidence his claims will be hindered; (2) the Mardians are not culpable in the default because they have provided evidence they were unaware of this lawsuit until less than two months before seeking to set aside the default; and (3) the Mardians have raised potential meritorious defenses to Karayan's claims.

But given the Mardians' lengthy delay, I condition the set-aside of the default and default judgment on their payment to Karayan of reasonable attorney's fees and costs incurred in connection with litigating the default and default judgment.

**I.   DISCUSSION**

I may "set aside an entry of default for good cause."[4] To determine "good cause," I "consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether [he] had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party."[5] This standard is disjunctive—a finding that any these factors is true is sufficient for me to refuse to set aside the default.[6] This is the same standard I apply when deciding whether to set aside a default judgment.[7]

"Crucially . . . judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."[8] "Where timely

---

[4] Fed. R. Civ. P. 55(c).

[5] *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quotations omitted).

[6] *Id.*

[7] *Id.*

[8] *Id.* at 1091.

relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside."[9]

As a preliminary matter, Karayan argues the Mardians' motion is untimely because it was not brought within a "reasonable time" as Rule 60 requires.[10]  Reasonableness is a factual question judged on a case-by-case basis.[11]  Part of the reason the Mardians delayed is that they were unaware this lawsuit exited.[12]  Their counsel has represented that he discovered this lawsuit while conducting due diligence for the Mardians' bankruptcy.[13]  I find that, under the circumstances, the delay of seven months is reasonable, and therefore the motion is timely.

But in order to set aside the default and judgment, I must still consider (1) whether defendants were culpable, (2) whether they have meritorious defenses, and (3) whether Karayan will be prejudiced.

### A.   Culpable conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer."[14]  "Intentionally," in this context, means the defendant acted in bad faith to take "advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process."[15]

---

[9] *Id.* (citations omitted).

[10] Fed. R. Civ. P. 60(b)(1).

[11] *Ashford v. Stewart*, 657 F.2d 1053, 1055 (9th Cir. 1981).

[12] (Dkt. #28 at 2-3, 12-15.)

[13] (*Id.*)

[14] *Ashford*, 657 F.2d at 1055.

[15] *Id.*

The Mardians have provided multiple affidavits attesting that they were unaware of this lawsuit until less than two months before moving to set aside the default.[16] Karayan admits he never served the Mardians in person. He has provided no proof that they knew of this action. There is no indication the Mardians benefited, or hoped to benefit, from waiting to hire counsel and proceed with their defense. Their negligent failure to respond is not culpable conduct for purposes of Rules 55 and 60.[17] This factor weighs in favor of setting aside the default and default judgment.

**B.  Meritorious defenses**

To satisfy the meritorious defense requirement, defendants must allege sufficient facts that, if true, would constitute a meritorious defense.[18] I need not determine whether those factual allegations are true at this stage.[19] "[W]here timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits."[20]

Resolving doubts in favor of the Mardians, it appears they have potentially meritorious defenses to Karayan's claims. First, under Nevada law, it appears that Karayan needed approval from other lenders before suing the Mardians.[21] Karayan owns a fractional interest in the loan the Mardians guaranteed. Where multiple entities hold interest in a loan, holders of at least 51% of

---

[16] (Dkt. #28 at 2-3, 12-15.)

[17] *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091.

[18] *Id.*

[19] *Id.*

[20] *Schwab v. Bullock's Inc.,* 508 F.2d 353, 355 (9th Cir. 1974).

[21] N.R.S. 645B.340; N.A.C. 645B.073.

the interest must generally approve of the collection action.[22]  Karayan argues Nevada's 51% rule does not apply because the underlying property is in Arizona (which does not have a 51% rule). But both the guarantee and deed of trust expressly state that they are governed by Nevada law.[23]

Second, Nevada's one-action rule may also provide the Mardians with a meritorious defense here.  Generally, plaintiffs cannot sue on a guarantee unless they first foreclose on the underlying secured property.[24]  Karayan argues that the Mardians have contractually waived the benefit of the one-action rule.  But Nevada law appears to prohibit waiver of the one-action rule where agricultural land is concerned—as is the case here.[25]  Although the Mardians raised the agricultural exception in their motion, Karayan did not address it in his response.[26]

The Mardians appear to have more than one potentially meritorious defense.  This factor weighs in favor of setting aside the default and judgment.

### C. Prejudice to plaintiffs

"To be prejudicial, the setting aside [of the default] . . . must result in greater harm than simply delaying resolution of the case."[27]  Rather, the question is whether plaintiffs will be hindered in their ability to pursue their claim.[28]  Karayan fails to provide any authority or analysis

---

[22] *Id.*

[23] (Dkt. #30-1.)

[24] NRS 40.430(1); *Bonicamp v. Vazquez,* 120 Nev. 37, 380, 91P.3d584, 586 (2004); *Nevada Wholesale Lumber Co. v. Myers Realty, Inc.,* 92 Nev. 24, 28, 544 P.2d 1204, 1207 (1976).

[25] NRS § 40.495(5)(c).

[26] *See* L.R. 7-2(d) (stating that failing to respond with points and authorities constitutes consent to granting the motion).

[27] *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), as amended on denial of reh'g and reh'g en banc (May 9, 2001).  If Karayan is right that Arizona law applies, Arizona's statute of limitations would appear to foreclose this action.

[28] *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

suggesting that he has been prejudiced aside from being delayed.  And delay is not enough. Karayan fails to identify how he will be hindered in pursuing his claims if I set aside the default.[29] This factor also weighs in favor of setting aside the default and judgment.

### D. Conclusion

All three factors weigh in favor of setting aside the default and judgment.  There is no evidence the Mardians acted in bad faith, they have raised a potentially meritorious defense, and I see no prejudice to Karayan.  Given that default and default judgment are drastic and disfavored measures, I set them aside.

However, I have wide discretion to condition the setting aside of a default upon the defaulting party's payment of the non-defaulting party's attorneys' fees.[30]  Given the Mardians' delay in seeking to set aside the default, and the unfairness to Karayan who was forced to litigate the default and judgment, I am conditioning the setting aside upon the Mardians' payment of Karayan's reasonable attorney's fees and costs incurred in obtaining the default and default judgment.  Karayan will submit an affidavit and appropriate documentation so that I may determine an appropriate award.

## II. CONCLUSION

IT IS THEREFORE ORDERED that defendants' motion to set aside default and default judgment (Dkt. #28) is GRANTED.

IT IS FURTHER ORDERED that the clerk's entry of default (Dkt. #23) and default judgment (Dkt. #27) are VACATED.  However, this relief is conditioned upon defendants paying

---

[29] *TCI Grp. Life Ins. Plan*, 244 F.3d at 701.

[30] *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988).

to plaintiff attorneys' fees and costs in an amount I will determine.  Within 14 days of entry of this Order, plaintiff shall submit an affidavit and appropriate documentation supporting a request for attorneys' fees and costs incurred in connection with obtaining the default and default judgment.

    IT IS FURTHER ORDERED that defendants shall file an answer to the complaint no later than 14 days after the entry of this Order.  However, if defendants do not pay plaintiff's fees I subsequently award, I may strike their answers and reinstate default and default judgment.

    DATED this 20th day of July, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE